

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

ENTERED
03/07/2019

| | | |
|---|---|---|
| THELMA G MCCOY | § | |
| | § | |
| Appellant | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-21 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This is a bankruptcy appeal. The bankruptcy debtor/appellant, Thelma McCoy ("McCoy"), sought a judgment from the bankruptcy court discharging her student loan debt. After McCoy rested her case at trial, the bankruptcy court declared that McCoy's student loans were not discharged in bankruptcy and entered a final judgment to that effect. *See* Southern District of Texas Bankruptcy Case Number 16-8007 at Dkt. 77. The Court **AFFIRMS** the bankruptcy court's judgment.

## I. BACKGROUND

After her youngest son entered college, McCoy went back to college herself in 2000 at the age of 43 (Dkt. 3-3 at pp. 12, 24; Dkt. 3-5 at p. 36). Over the next 14 years, McCoy obtained a bachelor's degree from Louisiana State University in general studies; a master's degree from the University of Houston in social work; and a Ph.D. from the University of Texas in social work (Dkt. 3-4 at p. 543). In the course of earning her degrees, McCoy incurred approximately $350,000.00 in student loan debts; and she filed a Chapter 7 bankruptcy petition less than 18 months after getting her Ph.D. (Dkt. 3-3 at p. 20; Dkt. 3-4 at p. 543; Dkt. 3-5 at p. 1). McCoy then filed an adversary complaint in the

bankruptcy proceeding in which she sought a judgment discharging her student loans;[1] the United States Department of Education ("the United States" or "the Department of Education") was the defendant in the adversary proceeding and is the appellee here (Dkt. 3-5 at p. 35). *See* 11 U.S.C. § 523(a)(8).

At the trial on McCoy's complaint requesting discharge of her student loans, McCoy's counsel rested after only calling McCoy (Dkt. 3-3 at p. 46). The bankruptcy court then granted the Department of Education's motion for judgment on partial findings under Federal Rule of Civil Procedure 52(c) (Dkt. 3-3 at p. 53). The bankruptcy judge issued his findings of fact and conclusions of law from the bench; and in them he explained that McCoy had not met her burden of proving that, if forced to repay her student loans, she would suffer an inability to maintain a minimal standard of living for herself that was likely to persist for a significant portion of the loans' repayment period:

> [McCoy] needs not only to demonstrate that she has a current hardship but that the hardship will in fact be maintained for the foreseeable future. In other words, that her inability to pay will persist.
>
> . . .
>
> She has not shown the situation will persist for an inability to pay[.]
>
> . . .
>
> For example, she's recently gotten some part-time employment.
>
> It's possible—we don't have any evidence at all—that over the next five years, she could get even better employment.

---

[1] The relevant bankruptcy court case numbers are 16-80108 (Chapter 7 petition) and 16-8007 (adversary proceeding). Both were filed in the United States Bankruptcy Court for the Southern District of Texas, Galveston Division.

. . .

> I find she's failed in her burden of proof. I'm granting the Government's motion. I'm granting judgment for the Government that the student loan is excepted from discharge.
> Dkt. 3-3 at pp. 53–55.

McCoy appealed to this Court.

## II.    BANKRUPTCY APPEALS AND STUDENT LOAN DEBT

Federal district courts have jurisdiction to hear appeals from the final judgments of bankruptcy judges. 28 U.S.C. § 158(a). An appeal to a district court from the bankruptcy court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts[.]" 28 U.S.C. § 158(c)(2). This Court reviews the bankruptcy court's legal conclusions *de novo* but may only disregard a fact finding made by the bankruptcy court if that fact finding is clearly erroneous. *In re Perry*, 345 F.3d 303, 309 (5th Cir. 2003). "A factual finding is not clearly erroneous if it is plausible in the light of the record read as a whole." *In re Ramba, Inc.*, 416 F.3d 394, 402 (5th Cir. 2005). The Fifth Circuit has emphasized that, under the "clearly erroneous" standard, this Court "may [not] weigh the evidence anew" and may only set aside the bankruptcy court's fact findings if it is "left with the definite and firm conviction that a mistake has been committed." *In re Perry*, 345 F.3d at 309 (quotation marks omitted).

Generally, student loan debt like McCoy's is not dischargeable in bankruptcy. *See* 11 U.S.C. § 523(a)(8); *see also Brunner v. New York State Higher Educ. Services Corp.*, 831 F.2d 395, 396 (2d Cir. 1987) (noting "the clear congressional intent exhibited in section 523(a)(8) to make the discharge of student loans more difficult than that of other

nonexcepted debt"). In order to obtain a discharge of her student loans, McCoy was required to prove to the bankruptcy court that excepting her student loans from discharge "would impose an undue hardship on [her] and [her] dependents[.]" 11 U.S.C. § 523(a)(8). Since she had no dependents, in order to establish an undue hardship within the meaning of the statute, McCoy was required to prove the following three prongs: (1) that she cannot maintain, based on current income and expenses, a minimal standard of living for herself if forced to repay her student loans; (2) that additional circumstances exist indicating that the state of affairs described in prong one is likely to persist for a significant portion of the repayment period of the student loans; and (3) that she has made good faith efforts to repay the loans. *In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003). The test is demanding, and "nothing in the Bankruptcy Code suggests that a debtor may choose to work only in the field in which he was trained, obtain a low-paying job, and then claim that it would be an undue hardship to repay his student loans." *Id.* at 93.

Here, the bankruptcy court found that McCoy could not, on the evidence she proffered, fulfill the second prong of the *Gerhardt* test (Dkt. 3-3 at pp. 53–55);[2] the Court reviews that finding for clear error. *In re Ostrom*, 283 Fed. App'x 283, 286 (5th Cir. 2008).

---

[2] The *Gerhardt* test is also frequently referred to as the "*Brunner* test," as the Fifth Circuit adopted the Second Circuit's *Brunner* test in the *Gerhardt* opinion. *In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003) (citing *Brunner v. New York State Higher Educ. Services Corp.*, 831 F.2d 395, 396 (2d Cir. 1987)).

### III.   THE BANKRUPTCY COURT DID NOT CLEARLY ERR.

The bankruptcy court did not clearly err in finding that McCoy could not, on the evidence she proffered, fulfill the second prong of the *Gerhardt* test. The second prong of the *Gerhardt* test required McCoy to show the bankruptcy court at trial that additional circumstances exist indicating that her inability to maintain a minimal standard of living for herself if forced to repay her student loans is likely to persist for a significant period of time. *Gerhardt*, 348 F.3d at 92 (quotation marks and brackets omitted; bracketed phrase added). The Fifth Circuit has explained that:

> "[a]dditional circumstances" encompass circumstances that impacted on the debtor's future earning potential but which were either not present when the debtor applied for the loans or have since been exacerbated. This second aspect of the test is meant to be a demanding requirement. Thus, proving that the debtor is currently in financial straits is not enough. Instead, the debtor must specifically prove a total incapacity in the future to pay his debts for reasons not within his control.
> *Id.* (citations, ellipses, brackets, and some quotation marks omitted).

"An example of an additional circumstance impacting on the debtor's future earnings would be if the debtor experienced an illness, developed a disability, or became responsible for a large number of dependents *after* receiving the loan." *In re Thoms*, 257 B.R. 144, 149 (Bankr. S.D.N.Y. 2001) (emphasis added). The timing requirement exists so that courts can examine whether "the debtor could have calculated [a particular circumstance] into its cost-benefit analysis at the time the debtor obtained the loan." *In re Roach*, 288 B.R. 437, 445 (Bankr. E.D. La. 2003) (quoting *Thoms*).

In her brief, McCoy argues that she provided sufficient evidence to establish the second prong of the *Gerhardt* test in the bankruptcy court by entering evidence of her

"lack of employability and a variety of serious illnesses" (Dkt. 14 at p. 15). In addressing McCoy's argument, the Court first notes that, as the United States points out, McCoy has not included a single citation to the record in her brief, "burden[ing] this [C]ourt with searching for and often guessing as to which parts of the record are relevant to [McCoy's] arguments." *In re Stotler and Co.*, 166 B.R. 114, 117 (N.D. Ill. 1994). This failure to include record citations is a clear violation of the bankruptcy rules' directive that an appellant's brief contain "citations to the . . . parts of the record on which the appellant relies[.]" Fed. R. Bankr. P. 8014(a)(8). Bankruptcy Rule 8014(a), which governs the presentation of appellants' briefs in bankruptcy appeals, "is not only a technical or aesthetic provision, but also has a substantive function—that of providing the other parties and the [C]ourt with some indication of which flaws in the appealed order or decision motivate the appeal." *In re Gulph Woods Corp.*, 189 B.R. 320, 323 (E.D. Pa. 1995). "For that reason alone, [McCoy's] appeal fails. The [C]ourt continues to the substance of the appeal for the sake of completeness." *In re Stotler*, 166 B.R. at 117.

The Court has independently reviewed the record and concluded that it provides ample support for the bankruptcy judge's finding on *Gerhardt*'s second prong. McCoy's brief contends that her inability to maintain a minimal standard of living for herself if forced to repay her student loans is likely to persist for a significant period of time because she suffers from a variety of anxiety and stress disorders (including post-traumatic stress disorder), headaches, insomnia, and pain throughout her body (Dkt. 14 at pp. 7–8). The brief characterizes the bulk of McCoy's physical and psychological ailments as the aftereffects of a horrific car accident in 2007 and a "facial burning

incident at a spa" in 2010 (Dkt. 14 at pp. 6–8). There is evidence in the record of these events: McCoy discussed the car accident at trial, though some of her testimony was correctly excluded by the bankruptcy judge on the basis that McCoy was not sufficiently qualified to offer medical causation opinions (Dkt. 3-3 at pp. 33–35); and, although McCoy did not mention the burning of her face at trial, she discussed that incident in her deposition (Dkt. 3-5 at pp. 114–16). However, the record also reflects that McCoy overcame those traumas to get her doctorate in 2014 and has diligently sought, and often obtained, employment as a professor, a teaching assistant, a research assistant, and a social worker since, at the latest, 2009 (Dkt. 3-4 at pp. 103–241, 543–48). Indeed, at the time of trial, McCoy was working part-time for two different universities and a mental health agency (Dkt. 3-3 at pp. 41–42). McCoy's resume—despite limiting its scope to her college education and her research, counseling, and teaching jobs and excluding her prior work with the United States Postal Service—is six pages long and contains an impressive range of aptitudes and professional experience (Dkt. 3-4 at pp. 543–48; Dkt. 3-5 at p. 109). In short, the Court finds McCoy's circumstances materially identical to those of the debtor in the Fifth Circuit's *Ostrom* opinion, who similarly "presented no evidence, other than his own testimony, that any impairments to his earnings [we]re likely to persist into the future, . . . introduced no evidence that the effects of his [health] problems preclude[d] him from serving as a counselor, and . . . was able to obtain a master's degree and serve as a private counselor despite his [health] problems." *In re Ostrom*, 283 Fed. App'x at 286.

The Court further notes that, according to her own testimony, McCoy applied for the majority of her loans "after the first couple years" of her Ph.D. program (Dkt. 3-3 at p. 26). Since she earned her doctorate four years after the spa burning incident and seven years after her car accident, she necessarily must have applied for at least a significant portion of her loans after suffering the injuries that she now seeks to classify as "additional circumstances" within *Gerhardt*'s second prong. *Gerhardt*'s second prong requires the debtor to show that the "additional circumstances" indicating a persistent inability to pay either were not present when the debtor applied for the loans at issue or have since been exacerbated. *In re Gerhardt*, 348 F.3d at 92. The record does not contain any clear indication of what portion of McCoy's loans postdate the injuries she now blames for her inability to pay her loans back, nor does it provide any clear picture of whether, when, or how any hinderances that predated her loan applications were later exacerbated.

The bankruptcy court did not clearly err in finding that McCoy had not fulfilled the second *Gerhardt* prong.

## IV.    CONCLUSION

The Court **AFFIRMS** the bankruptcy court's judgment. The debts owed by Thelma McCoy forming the basis of this appeal may not be discharged in bankruptcy under 11 U.S.C. § 523(a)(8).

The Court will issue a separate final judgment.

SIGNED at Galveston, Texas, this 7th day of March, 2019.

George C. Hanks Jr.
United States District Judge